# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Louisiana Health Service                                    Civil Action 05-1450
Indemnity Co.

versus                                                      Judge Tucker L. Melançon

Gambro A B, et al                                  Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is defendant DVA Renal Healthcare, Inc. f/k/a Gambro Healthcare

Inc.'s ("Gambro") Motion To Re-Open The Case: (1) To Vacate Arbitrators' Awards

Permitting Class Proceedings; Or, In The alternative, (2) To Clarify The Court's March 2006

Order Granting Motion To Compel Arbitration [Rec. Doc. 35], plaintiffs, Louisiana Health

Service Indemnity Company, d/b/a BlueCross BlueShield of Louisiana, HMO of Louisiana,

Inc.'s ("BCBSLA") Opposition thereto [Rec. Doc. 39], Gambro's Reply memorandum [Rec.

Doc. 45] and BCBSLA's Opposition to the Reply [Rec. Doc. 46].

### *I. Background*

BCBSLA filed this action on August 8, 2005 to recover damages for overpayments

it allegedly made to Gambro as a result of Gambro's "unlawful conduct." *R. 1; ¶3 a-h.* On

November 29, 2005, Gambro filed a motion to stay this litigation and compel BCBSLA to

arbitrate its claims under the contract between Gambro and BCBSLA. *R. 21.* Following oral

argument on the motion on March 15, 2006, the Court granted Gambro's motion to compel

arbitration and administratively terminated this action subject to allowing any party to initiate

a motion to reopen the proceedings within thirty (30) days of the arbitrator's decision if

deemed necessary. *R. 34.*

Following the Court's order requiring BCBSLA to arbitrate its claims, BCBSLA filed its class arbitration demand with the American Arbitration Association's ("AAA") on October 26, 2006.  *R. 35, Exh. F.*  As provided under the AAA's Supplementary Rules for Class Arbitration, an arbitral panel must first issue a Clause Construction Award after considering whether the arbitration agreement between the proposed class representative and the opposing party authorizes class arbitration.  *Id., Exh. G, AAA Supp. Class Arb. R. 3.*  On October 5, 2007, the arbitration panel in this case ("the Panel") issued its Clause Construction Award finding that BCBSLA and Gambro had agreed to class arbitration.  *Id., Exh. K.*  In its Award decision, the Panel stated, "[if the] sophisticated [parties in the arbitration] intended to exclude class arbitrations, the arbitration clause could have been written to specifically state that no class arbitration shall be permitted."  *Id.*  As the arbitration clause required that the laws of Louisiana apply, the Panel further stated, "[u]nder Louisiana law, waiver of a right must be clear and unambiguous.  The language in the arbitration clause does not set forth a clear and unambiguous waiver of the right of BCBSLA to attempt to proceed as a class arbitration."  *Id.*(internal citations omitted).  Finally, the Panel referred to the language in the subject arbitration clause which stated, "[a]ny and all dispute resolution procedures shall be conducted only between the parties."  *Id.*  The Panel stated, "[t]he language of the arbitration clause in this matter is not dissimilar from the language set forth in the *Bazzel*[1] arbitration clause.  In *Bazzle*, the arbitration clause was for disputes 'arising from or relating to this contract or the relationships which result from this contract'. . . . a statement in the arbitration clause that dispute resolution procedures shall be conducted only

---

[1] *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003).

between parties can not be viewed as dispositive of the question of whether class arbitration is permitted. . . .  The clause 'any and all dispute resolution procedures shall be conducted only between the parties' can be read in the broader context . . . Arguably, the dispute could be only between the parties of a possible certified class on one hand and Gambro on the other." *Id.*  In conclusion, the Panel held that the arbitration clause permitted the arbitration to proceed on behalf of the class and stayed all proceedings for at least 30 days to permit any party to move a court of competent jurisdiction to confirm or vacate the Clause Construction Award.  *Id.*

On April 30, 2010, Gambro filed a Motion to Reconsider the Panel's Clause Construction Award based on the Supreme Court's decision in *Stolt-Neilsen S.A. v. Animal Feeds International Corp.,* 130 S.Ct. 1758 (April 27, 2010), arguing that *Stolt-Neilsen* compelled the Panel to reconsider the Clause Construction Award because BCBSLA's arbitration agreement was silent on class arbitration just as the arbitration clause considered by the Court in *Stolt-Neilsen*.  *Id. at L.*  The Panel issued its denial of Gambro's motion on June 7, 2010,  citing the 2005 contract between the parties which incorporated the terms of the BCBSLA Participating Providers Office Manual, providing for arbitration of disputes between the parties following the rules of the AAA.  *Id. at R.*  The Panel held that pursuant to Supplementary Rule 3 of the AAA[2], the proceedings were "'stayed for at least 30 days to

_____

[2] Rule 3 of the AAA Supplementary Rules for Class Arbitrations ("Rule 3") provides: Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.

permit any party to move a court of competent jurisdiction to confirm or vacate the Clause Construction Award.' Both parties declined to do so and the stay period expired." *Id.* The Panel further held that as the Clause Construction Award was a "Partial Final Award" pursuant to Supplementary Rule 3, and "did finally determine all issues regarding whether this matter can proceed as a class arbitration....  The doctrine of *functus officio* bars the tribunal from rehearing the Clause Construction Award.  *Id.* (*citing Housing Auth. of New Orleans v. Henry Ericsson Co.*, 197 La. 732, 756 (1941); *Anderman/Smith Operating co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1220 n.4 (5th Cir. 1990))".

Gambro filed the motion at bar on September 2, 2010 requesting the Court vacate the Panel's October 5, 2007 Clause Construction Award permitting class arbitration in this matter, or in the alternative, to clarify the Court's March 2006 Order granting the motion to compel by authorizing BCBSLA to pursue only individual claims against Gambro rather than those on behalf of a proposed class.  *R. 36.*

## II.  Standard Of Review

The Federal Arbitration Act ("FAA") provides the means for enforcing arbitral awards, via a judicial decree confirming, vacating, modifying or correcting an award.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). "Judicial review of an arbitration award is 'exceedingly deferential.' *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir.2004).  Vacatur is available 'only on very narrow grounds,' *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir.2004), and federal courts must defer to the arbitrator's decision when possible.  *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir.1990)  An award must be upheld as long as 'it is rationally inferable from the letter or purpose of the underlying agreement.' *Nauru Phosphate Royalties, Inc. v. Drago*

4

*Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir.1998)(internal quotation marks omitted). Even 'the failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award.' *Kergosien*, 390 F.3d at 356.  'It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable.' *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 509 (2001)(quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960) (internal quotation marks omitted)).  Moreover, 'the arbitrator's selection of a particular remedy is given even more deference than his reading of the underlying contract,' and 'the remedy lies beyond the arbitrator's jurisdiction only if there is no rational way to explain the remedy as a logical means of furthering the aims of the contract.' *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1325 (5th Cir.1994) (internal quotation marks omitted)." *American Laser Vision, P.A. v. Laser Vision Institute, L.L.C.,* 487 F.3d 255, 258-259 (5th Cir.,2007) *abrogated on other grounds*, 552 U.S. 576 (2008). The party moving to vacate an arbitration award has the burden of proof.   The court must resolve any doubts or uncertainties in favor of upholding the award.  *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385, n.9 (5th Cir.2004) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 343 (5th Cir.2004)).

In 2008, the Supreme Court decided *Hall Street Associates v. Mattel, Inc.*, 552 U.S. 576 (2008), and held that the statutory grounds contained in the FAA, sections 10 and 11, are the exclusive means by which an arbitral award may be vacated.  *Hall Street* at 584.  Pursuant to Section 10(a) of the FAA, there are only four grounds for which a court can vacate an arbitration award:

(1) [W]here the award was procured by corruption, fraud, or undue means;

5

(2) [W]here there was evident partiality or corruption in the arbitrators, or either of them;

(3) [W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) [W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  In *Citigroup Global Markets, Inc. v. Bacon,* 562 F.3d 349, 350 (5th Cir.,2009), the Fifth Circuit held that the *Hall Street* Court ruled that "manifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA." *Id.* ("*Hall Street* restricts the grounds for vacatur to those set forth in § 10 of the Federal Arbitration Act ... consequently, manifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA.").

In 2010, the Supreme Court decided *Stolt-Nielsen S.A. v. Animal Feeds International Corporation*, 599 U.S. ----, 130 S.Ct. 1758, 1768 n. 3 (2010).  In *Stolt-Nielson*, the Court considered, inter alia, whether an arbitration panel has the authority to impose class arbitration where an arbitration agreement is silent on the issue[3] because it viewed class arbitration as "the best rule to be applied in such a situation."  *Id*. at 1769.  The Court noted that the arbitration panel failed to inquire whether the FAA, maritime law, or state law provided any instruction as to interpretation of the agreement.  *Id*. at 1768-69. Rather, the panel merely "impose[d] its own policy preference."  *Id*. at 1770. The Court held that the arbitration panel exceeded its powers by imposing its own policy choice "instead of

---

[3]  In *Stolt-Nielsen,* the parties had stipulated that the agreement was silent on whether it permitted or precluded class arbitration.

identifying and applying a rule of decision derived from the FAA or either maritime or [state] law." *Id*.

### III.  *Analysis*

Gambro moves the Court to re-open this administratively terminated case to vacate two arbitral decisions - the October 4, 2007 Clause Construction Award, and the June 7, 2010 order denying Gambro's motion to reconsider the October 2007 Clause Construction Award. Gambro asserts that the decisions conflict with and manifestly disregard the Supreme Court's April 27, 2010 decision in *Stolt-Nielsen*, holding that class arbitration may not be imposed where an arbitration agreement is silent as to class arbitration. 130 S.Ct. at 1775 ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.").  In particular, Gambro argues that the Panel concluded in its October 5, 2007 Clause Construction Award that BCBSLA and Gambro agreed to class arbitration because their arbitration agreement was silent on class arbitration.

BCBSLA asserts that *Stolt-Nielsen* is inapposite because (1) the decision does not apply retroactively to the 2007 Clause Construction Award, a final, non-reviewable decision; (2) Gambro waived its right to seek review of the decision under Rule 3 of the American Arbitration Association ("AAA") Supplementary Rules for Class Arbitrations; (3) the Panel correctly determined that rehearing was barred by the *functus officio* doctrine; and, (4) the case is plainly distinguishable both because the arbitration clauses are different and the Panel in this case "did exactly what the Supreme Court in *Stolt-Neilsen* chided the arbitration panel there for not doing: it interpreted the agreement in accordance with the state law and AAA rules the parties selected, rather than trying to divine how public policy would answer the

7

question."  BCBSLA further asserts that Section 12 of the Federal Arbitration Act ("FAA")

demands that a motion to vacate be filed "within three months after the award is filed or

delivered."  9 U.S.C. §12.  Because the jurisdictional deadline expired on January 5, 2008,

ninety (90) days following delivery of the Clause Construction Award on October 5, 2007,

the Court has no authority to now vacate the award.  The Court will consider these arguments

in turn.

### 1.  Section 12 of the FAA

Section 12 of the FAA requires that a "[n]otice of a motion to vacate, modify, or

correct an award must be served within three months after the award is filed or delivered."

9 U.S.C. § 12.  The parties have not cited, and the Court is unaware of, any Fifth Circuit

jurisprudence addressing Gambro's position that the Court should grant its motion to vacate

the Panel's Clause Construction Award after the 90-day deadline under Section 12 of the

FAA.  In *Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418 (5th Cir.1993), the Fifth Circuit

refused to consider the defendant's defenses to an arbitration award based on untimeliness,

as they were raised beyond the three-month period of limitation under Section 12:

> [T]he failure of a party to move to vacate an arbitral award within the
> three-month limitations period prescribed by section 12 of the United States
> Arbitration Act bars him from raising the alleged invalidity of the award as a
> defense in opposition to a motion brought under section 9 of the [United States
> Arbitration Act] to confirm the award.

*Id.*  As noted by the *Cigna* court, other federal courts of appeals that have confronted pleas

for extension of the deadline imposed by Section 12 have uniformly declined to grant such

an extension.  *See, e.g. Pfannenstiel v. Merrill Lynch*, 477 F.3d 1155, 1158 (10th Cir.2007)

(failure to file within three months waived judicial review, and loss of evidence did not toll

deadline); *Hart Surgical, Inc. Ultracision, Inc.*, 244 F.3d 231, 235 (1st Cir. 2001) (holding that by failing to seek vacatur of a final interim award upon its issuance a party "forfeits" its right to "appeal" that award); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986) (once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm arbitration award); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2d Cir.1984) (Section 12 precludes "a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.").

Gambro argues that "neither the plain language of the FAA nor federal judicial decisions construing the FAA expressly address how Section 12 applies to an ongoing arbitration, such as this one, where a subsequent clarification of the law undermines the arbitrator's powers to have decided an earlier, interim award." *R. 35.* Gambro's argument is to no avail. The language of Section 12 of the FAA is clear. The parties have three months (90 days) to raise any alleged invalidity of the Panel's award. *See e.g., Board of Trustees of University of Illinois v. Organon Teknika Corp. LLC,* 614 F.3d 372, 375 (7th Cir.,2010) ("[The arbitrator] did not tell the parties how long they had to use the opportunity he contemplated, but the Federal Arbitration Act does: 90 days. 9 U.S.C. § 12. The parties did not supersede that rule by contract. They bargained for a final and conclusive decision, not for perpetual arbitration. So the University's request came too late. This arbitration is over."). Moreover, Gambro had the opportunity to timely preserve its argument that the Panel exceeded its authority in issuing the Clause Construction Award by filing its objection within the limitation period under Section 12, just as the petitioner in *Stolt-Neilsen* did by timely arguing that the contract did not permit class arbitration. Because Gambro chose not

to file such an objection, the Court is powerless to hear it now.

### 2. Gambro's Motion For Reconsideration Under Stolt-Neilsen

Gambro makes a number of arguments in support of its position that the Court should vacate the Panel's decisions permitting class arbitration proceedings on BCBSLA's certification motion in light of the Supreme Court's ruling in *Stolt-Neilsen*. Initially, Gambro asserts that the Panel's order refusing to reconsider the Clause Construction Award exceeded its powers and was in "manifest disregard" of the holding in *Stolt-Neilsen*. "*Hall Street* unequivocally held that the statutory grounds are the exclusive means for vacatur under the FAA. Our case law defines manifest disregard of the law as a nonstatutory ground for vacatur. Thus, to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA." *Citigroup Global Markets, Inc. v. Bacon,* 562 F.3d 349, 350 (5th Cir.,2009) (internal citations omitted). Based on Fifth Circuit jurisprudence, Gambro's motion under the standard of manifest disregard is to no avail.

Gambro also argues that the *functus officio* doctrine is inapplicable because the arbitration Panel's Clause Construction Award was not a "final award." Rule 46 of the Commercial Arbitration Rules of the American Arbitration Association ("Rule 46") provides that "[t]he arbitrator is not empowered to redetermine the merits of any claim already decided." This rule essentially codifies the common law doctrine of *functus officio*, which bars an arbitrator from revisiting the merits of an award once the award has been rendered. *Barousse v. Paper Allied-Industrial, Chemical & Energy Workers Intern. Union*, 265 F.3d 1059 *6 (5th Cir.,2001).

In denying Gambro's motion for reconsideration of the Clause Construction Award

10

based on the Supreme Court's holding in *Stolt-Nielsen*, the Panel held that because Gambro declined to move a court of competent jurisdiction to confirm or vacate the Clause Construction Award within 30 days, as required under Supplementary Rule 3, and because the Award "was issued as a 'Partial Final' ... [t]he doctrine of *functus officio* therefore bars the Tribunal from rehearing the Clause Construction Award." *R. 35, Exh. R.* While the parties have not cited, and the Court is unaware of any Fifth Circuit jurisprudence considering whether or not the doctrine of *functus officio* applies to a partial final award, in *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1220 n.4 (5th Cir. 1990) the court determined that the doctrine did not apply because the arbitration panel did not attempt to alter the decision it had rendered. *Id.* (The doctrine of *functus officio* is designed to prevent an arbitrator from revisiting an award; it protects the finality of an arbitrator's decision). Other courts, however, have addressed the issue of whether or not a partial final award, such as the Clause Construction Award in this case, is subject to the *functus officio* doctrine and have held that the award may be deemed as such if the award states it is final and if the arbitrator intended the award to be final. *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009) ("The Eighth Circuit has held that an interim award may be deemed final for *functus officio* purposes if the award states it is final, and if the arbitrator intended the award to be final. *See, e.g.*, *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir.1999). We adopt the criteria used by the Eighth Circuit, and apply them to the instant case.").[4] As evidenced by the language used by the Panel in its Clause Construction Award

---

[4] *See also, Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir.1991) ("if the parties agree that the panel is to make a final decision as to part of the dispute, the arbitrators have the authority and responsibility to do so. Second, once arbitrators have finally decided the submitted issues, they are, in common-law parlance, '*functus officio*,' meaning that their authority

as well as in its denial of Gambro's motion for reconsideration, there is no doubt that the Clause Construction Award  indicates it is a final determination and that the Panel intended the Award to be final.  The Panel correctly applied the *functus officio* doctrine in this matter.

Accordingly, the Court finds that Gambro waived its right to seek review of the Clause Construction Award under the thirty day limitation in Rule 3 of the AAA Supplementary Rules; the *functus officio* doctrine barred the Panel's reconsideration of the Award and Gambro's motion for vacatur is barred by the three month deadline under FAA Section 12.  Even assuming *arguendo* that Gambro's motion is timely, however, the Court disagrees with Gambro's position that *Stolt-Neilsen* "invalidates the reasoning and result of the Panel's October 2007 Clause Construction Award."

The *Stolt-Neilsen* action arose in the context of an antitrust dispute between Stolt-Neilsen, S.A., the owner and operator of parcel tankers, and AnimalFeeds International Corporation, a cargo-shipper.  In the Supreme Court's analysis, the *Stolt-Neilsen* majority noted  that, following the Second Circuit's determination that the defendant's claims were subject to arbitration, the parties entered into a stipulation stating that the arbitration clause was "'silent' with respect to class arbitration."  The Supreme Court emphasized the significance of the stipulation in stating:

> Counsel for AnimalFeeds explained to the arbitration panel that the term 'silent' did not simply mean that the clause made no express reference to class arbitration.  Rather, he said, '[a]ll the parties agree that when a contract is silent on an issue there's been no agreement that has been reached on that issue.

*Stolt-Neilsen,* 130 S. Ct. at 1766.  The *Stolt-Neilsen* majority held that the arbitration panel

over those questions is ended").

12

"exceeded its powers" under FAA Section 10(a)(4).  In reaching the decision, the Court

stated:

> Because the parties agreed their agreement was "silent" in the sense that they
> had not reached any agreement on the issue of class arbitration, the arbitrators'
> proper task was to identify the rule of law that governs in that situation. Had
> they engaged in that undertaking, they presumably would have looked either
> to the FAA itself or to one of the two bodies of law that the parties claimed
> were governing, i.e., either federal maritime law or New York law. But the
> panel did not consider whether the FAA provides the rule of decision in such
> a situation; nor did the panel attempt to determine what rule would govern
> under either maritime or New York law in the case of a "silent" contract.
> Instead, the panel based its decision on post-*Bazzle* arbitral decisions that
> "construed a wide variety of clauses in a wide variety of settings as allowing
> for class arbitration."  The panel did not mention whether any of these
> decisions were based on a rule derived from the FAA or on maritime or New
> York law.

*Id.* at 1768.  The Court stated further, "[i]n sum, instead of identifying and applying a rule

of decision derived from the FAA or either maritime or New York law, the arbitration panel

imposed its own policy choice and thus exceeded its powers."  *Id.* at 1770.

The Court finds that *Stolt-Neilsen* is distinguishable from the case at bar.  Unlike the

*Stolt-Neilsen* arbitration panel, the Panel in this case applied legal principals under the FAA,

as well as Louisiana law and AAA rules as required under the agreement between BCBSLA

and Gambro; it did not try to ascertain what the best result could have been by imposing its

own policy choices.  Hence, unlike *Stolt-Neilsen*, the Panel in this case properly exercised

its authority in rendering the Clause Construction Award and it must be upheld.  *Stolt-Neilsen*

at 1767 ("It is only when [an] arbitrator strays from interpretation and application of the agreement

and effectively 'dispense[s] his own brand of industrial justice' that his decision may be

unenforceable.")

With regard to Gambro's alternative motion, the Court will decline Gambro's invitation to clarify its March 2006 Judgment in order to authorize BCBSLA to pursue only individual claims against Gambro and to preclude BCBSLA from pursuing claims against Gambro on behalf of any proposed class.

## *IV.  Conclusion*

Based on the well-established jurisprudence setting out the Court's standard of review in vacating an arbitration panel's decision, as well as the foregoing analysis in this case, Gambro's Motion To Reopen The Case: (1) To Vacate Arbitrators' Awards Permitting Class Proceedings; Or, In The alternative, (2) To Clarify The Court's March 2006 Order Granting Motion To Compel Arbitration, will be denied.

14