UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Louisiana Health Service
Indemnity Co.

Civil Action 05-1450

versus

Judge Tucker L. Melançon

Gambro A B, et al

Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is plaintiffs, Louisiana Health Service Indemnity Company, d/b/a BlueCross BlueShield of Louisiana, HMO of Louisiana, Inc.'s ("BCBSLA") Motion To Vacate Final Partial Class Determination Award Under 9 U.S.C. §§ 10(a)(3) & (a)(4) [Rec. Doc. 60], and defendant, DVA Renal Healthcare, Inc. f/k/a Gambro Healthcare Inc.'s ("Gambro"), Opposition thereto [Rec. Doc. 68][1]. For the following reasons, BCBSLA's motion will denied.

*I. Background*

BCBSLA filed this action on August 8, 2005 to recover damages for overpayments it allegedly made to Gambro as a result of Gambro's "unlawful conduct." *R. 1; ¶3 a-h.* On November 29, 2005, Gambro filed a motion to stay this litigation and compel BCBSLA to arbitrate its claims under the contract between Gambro and BCBSLA ("BCBSLA/Gambro

---

[1] On July 6, 2011, one day before the date of this Ruling, BCBSLA filed a Notice Of Second Arbiral [sic] Motion To Vacate Partial Final Class Determination Award [Rec. Doc. 69] *citing Jock v. Sterling Jewelers, Inc.*, 2011 WL 2609853 (2d Cir. July 1, 2011) in support of its Motion to Vacate. The Second Circuit's recognition that, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision," however, confirms this Court's Ruling denying BCBSLA's Motion to Vacate the Partial Final Class Determination.

Arbitration Agreement"). *R. 21*. On March 15, 2006, the Court granted Gambro's motion to compel arbitration and administratively terminated this action subject to allowing any party to initiate a motion to reopen the proceedings within thirty (30) days of the arbitrator's decision if deemed necessary. *R. 34*. BCBSLA filed its class arbitration demand with the American Arbitration Association ("AAA") on October 26, 2006. *R. 35, Exh. F*. On October 5, 2007, the three member arbitration panel ("the Panel") issued a Clause Construction Award pursuant to Rule 3 of the AAA's Supplementary Rules for Class Arbitrations,[2] finding that, although the agreement was silent as to class arbitration, BCBSLA and Gambro had impliedly agreed to class arbitration. *R. 35, Exh. K*.

On May 9, 2008, BCBSLA moved the Panel to certify the class in arbitration. *R. 35-5, Exh. Q, 06/07/10 Letter*. In its Motion for Class Certification, BCBSLA alleged that it represented a class composed of approximately 225 class members, each with different arbitration agreements. *R. 61, Class Determination Award; R. 61, Exh. 2; R. 68-1, Exh. E, 9/25/09 Class Certification Hrg, 1681:12-14; 1685:2-15, 22-24; 1716:8-25*; *Exhs. F, G; Exh. I, 08/18/10 Letter referencing Order No. 12*. Of the approximately 225 arbitration agreements, three (3) contracts included express waivers of class proceedings and the others were silent as to class arbitration. *Id.; R. 35-5, Exh. Q, 06/07/10 Letter*.

On April 30, 2010, Gambro filed a Motion to Reconsider the Panel's Clause Construction Award based on the Supreme Court's decision in *Stolt-Neilsen S.A. v. Animal*

---

[2] Rule 3 of the AAA Supplementary Rules for Class Arbitrations ("Rule 3") provides:
> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award").

*Feeds International Corp.,* 130 S.Ct. 1758 (2010). *R. 35-4, Exh. L*. The Panel issued its denial of Gambro's Motion to Reconsider on June 7, 2010. *See, Exh. I, 08/18/10 Letter referencing Order No. 12*. During a telephone conference with the Panel held on July 30, 2010, "both parties asked the [Panel] to proceed to a decision with respect to class certification rather than await a decision by the [District] Court on a possible appeal [of the Clause Construction Award] by Gambro." *Id*. Thereafter, on September 2, 2010, Gambro filed a motion in this Court to vacate the Panel's October 5, 2007 Clause Construction Award permitting class arbitration. *R. 36*. The Court denied the motion on December 21, 2010. *R. 52*.

On February 9, 2011, the Panel denied BCBSLA's Motion for Class Certification in a Partial Final Class Determination Award ("Class Determination Award"). *R. 61, Exh. 4*. On May 10, 2011, BCBSLA filed the motion before the Court to vacate the Panel's Class Determination Award. *R. 60*.

## II. Standard Of Review

The Federal Arbitration Act ("FAA") provides the means for enforcing arbitral awards, via a judicial decree confirming, vacating, modifying or correcting an award. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). "Judicial review of an arbitration award is 'exceedingly deferential.' *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir.2004). Vacatur is available 'only on very narrow grounds,' *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir.2004), and federal courts must defer to the arbitrator's decision when possible. *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir.1990). An award must be upheld as long as 'it is rationally inferable from the letter or purpose of the underlying agreement.' *Nauru Phosphate Royalties, Inc. v. Drago*

*Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir.1998)(internal quotation marks omitted). Even 'the failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award.' *Kergosien*, 390 F.3d at 356. 'It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable.' *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 509 (2001)(quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960) (internal quotation marks omitted)). The party moving to vacate an arbitration award has the burden of proof. The court must resolve any doubts or uncertainties in favor of upholding the award. *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385, n.9 (5th Cir.2004) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 343 (5th Cir.2004)). "[R]eview under [9 U.S.C.] § 10 focuses on misconduct rather than mistake." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1752 ( 2011).

### III. Analysis

BCBSLA moves the Court to vacate the Panel's denial of its Partial Class Determination Award under the FAA, 9 U.S.C. §§ 10(a)(3) and (a)(4). In *Hall Street Associates v. Mattel, Inc.*, 552 U.S. 576 (2008), the Supreme Court held that the statutory grounds contained in the FAA, sections 10 and 11, are the exclusive means by which an arbitral award may be vacated. *Hall Street* at 584. Pursuant to Section 10(a) of the FAA, there are only four grounds for which a court can vacate an arbitration award:

> (1) [W]here the award was procured by corruption, fraud, or undue means;
> (2) [W]here there was evident partiality or corruption in the arbitrators, or either of them;
> (3) [W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which

4

>the rights of any party have been prejudiced; or
>(4) [W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

BCBSLA bases its motion to vacate on grounds three and four in asserting that: (1) the Panel exceeded its authority under the FAA and AAA Supplementary Class Arbitration Rule 1(c) by applying *Stolt-Nielsen* in the Class Determination Award; (2) the Panel replaced its own policy choice for the rule of law to the "silent contracts" of the absent class members; and (3) the Panel precluded BCBSLA from presenting evidence that the absent class members had, in fact, authorized class arbitration. *R. 60.* Gambro opposes BCBSLA's motion as to each of these issues.

### *1. Whether the Panel exceeded its authority*

BCBSLA's motion to vacate involves the Supreme Court's decision in *Stolt-Nielsen S.A. v. Animal Feeds International Corporation*, 599 U.S. ----, 130 S.Ct. 1758, 1768 n. 3 (2010), which was decided after the Panel issued its Clause Construction Award. In *Stolt-Nielsen*, the Court considered, inter alia, whether an arbitration panel has the authority to impose class arbitration where an arbitration agreement is silent on the issue because it viewed class arbitration as "the best rule to be applied in such a situation." *Id. at 1769.* The Court held that the arbitration panel exceeded its powers by imposing its own policy choice "instead of identifying and applying a rule of decision derived from the FAA or either maritime or [state] law." *Id*.

Because the arbitration agreement between Gambro and BCBSLA was silent as to class arbitration, Gambro requested that the Panel reconsider its Clause Construction Award

5

in light of *Stolt-Nielsen*. The Panel denied Gambro's request and Gambro filed a motion to vacate the Clause Construction Award in this Court. In its ruling on Gambro's motion to vacate, the Court held that the panel's reconsideration of the Award was barred by the *functus officio* doctrine and that the motion for vacatur was untimely under Section 12 of the FAA and Rule 3 of the AAA Supplementary Rules. *R. 51.* The Court stated that, based on the record before it, the Panel did not impose its own policy choices in rendering the Clause Construction Award as the Court had admonished in *Stolt-Nielsen*. *Id.*

In the motion at bar, BCBSLA contends that the Panel exceeded its authority under the FAA and AAA Supplementary Class Arbitration Rule 1(c) by applying *Stolt-Nielsen* in the Class Determination Award. In essence, BCBSLA contends that the Court's December 2010 Memorandum Ruling was intended to preclude the Panel from applying *Stolt-Nielsen* to the underlying arbitration for any purpose, in particular the Class Determination Award. The Court disagrees.

The record reflects that in issuing the Partial Final Class Determination Award ("Class Award"), the Panel initially determined that, based on Supreme Court precedent, they must apply *Stolt-Nielsen* to BCBSLA's class certification motion. *R. 68-1, pp. 4-6.* Citing *Harper v. Virginia Dept. of Taxation* 509 U.S. 86 (1993), the Panel concluded that it was required to "apply all current controlling jurisprudence, including *Stolt-Nielsen* to its analysis." *Id. at 97* ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."). Thus, while recognizing that it had previously decided that the contract between BCBSLA and Gambro permitted class arbitration, because

6

the decision was formed in the Clause Construction Award, prior to the Supreme Court's holding in *Stolt-Nielsen*, the Panel concluded it must apply *Stolt-Nielsen* to BCBSLA's proposed class motion.

BCBSLA's proposed class consists of approximately 225 absent class members each with different arbitration agreements.[3] *R. 35-5, Exh. Q, 06/07/10 Letter; R. 61, Class Determination Award; R. 61, Exh. 2; R. 68-1, Exhs. F, G; Exh. I, 08/18/10 Letter referencing Order No. 12.* All but three (3) of the proposed class members' arbitration agreements are silent on class proceedings and the three exceptions expressly waive class proceedings. *Id.* In its Class Award, the Panel stated that while its pre-*Stolt-Nielsen* Clause Construction Award determined that the "BCBSLA/Gambro contract permits this arbitration to proceed on behalf of the class ... it did not address whether Gambro's contracts with anyone else allowed class arbitration." *Id.*

The Panel's Class Determination Award required that the arbitration satisfy the prerequisites for class certification laid out in Rule 4 of the AAA's Supplementary Rule for Class Arbitrations. Under Rule 4(a), the decision to affirmatively authorize class arbitration under the AAA Supplementary Rules is governed by a separate "Class Determination Award" which requires in pertinent part that: (1) the class is so numerous that joinder of separate arbitrations on behalf of all members is impracticable; ... and (6) "each class member has entered into an agreement containing an arbitration clause which is substantially similar to that signed by the class representative(s) and each of the other class members."

---

[3] Gambro represents that there are 227 absent class members. *R. 68, p. 4.*

AAA Supplementary Rules, Rule 4(a)(1)&(6). Focusing on these two requirements of Rule 4(a) - numerosity and substantially similar contracts - the Panel held, in light of *Stolt-Nielsen*, the other class members' arbitration contracts do not permit class arbitration. *Id.*

In making this determination, the Panel stated that its pre-*Stolt-Nielsen* Clause Construction Award interpreted the BCBSLA/Gambro Arbitration Agreement to permit class arbitration while its post-*Stolt-Nielsen* Class Award required that the other class members agreements not permit arbitration. Thus, the Panel reasoned, as only BCBSLA could be permitted to proceed on behalf of the class, "a putative class of one" would be created and the numerosity requirement under Rule 4 would not be met. *R. 61, Class Award, p. 8; R. 68, Exh. M.* The Panel further concluded that because of the disparity between the pre-*Stolt-Nielsen* "silent" arbitration contracts and the post-*Stolt-Nielsen* "silent" arbitration contracts, the arbitration contracts were not substantially similar. *Id. at p. 9.*

Finally, the Panel concluded that this Court's statement in its December 21, 2010 Memorandum Ruling regarding *Stolt-Nielsen's* application to the Clause Construction Award, did not preclude the Panel from applying *Stolt-Nielsen*'s legal principles to the Class Award. The Panel reasoned that the Court's denial of Gambro's motion to vacate was based on its holding that the doctrine of *functus officio* precluded Gambro from challenging the Panel's Clause Construction Award. *R. 51.* Citing the Court's statement in its opinion that, unlike the *Stolt-Nielsen* arbitration panel, the Panel in this case "did not try to ascertain what the best result could have been by imposing its own policy choices," the Panel determined that the Court did not make any ruling "that the Panel was correct" in permitting class arbitration under the BCBSLA/Gambro Arbitration Agreement nor under any other arbitration agreement. *R. 61, Class Award, p. 10.* The Panel's reasoning is spot on. The

8

Court's distinction of *Stolt-Nielsen* in its consideration of the Clause Construction Award, was not intended to have any affect on the Panel's consideration of *Stolt-Nielsen* in the Class Determination Award.

*2. Whether the Panel replaced its own policy choice for the rule of law*

Nor did the Panel exceed its authority under the FAA by citing only *Stolt-Nielsen* rather than any "rule, custom, practice, law or other positive legal precept in interpreting the absent class member agreements." *R. 60-2, p. 17.* As held by the Court at page six of this Ruling, under *Harper*, the Panel was required to apply the current controlling jurisprudence, including *Stolt-Nielsen,* to its analysis of the "silent" arbitration agreements. *Harper*, 509 U.S. at 97. Further, as asserted by Gambro, in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011), a decision following *Stolt-Nielsen*, the Supreme Court held that the FAA, rather than any individual state's laws, controls the determination of whether an arbitration agreement authorizes class arbitration. *Id.* at 1747 ("When state law prohibits the arbitration of a particular type of claim, the conflicting rule is displaced by the FAA").

Based on the foregoing as well as jurisprudence holding that "[t]he court may not refuse to enforce an arbitral award solely on the ground that the arbitrator may have made a mistake of law or fact," *see, Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004)[4], BCBSLA's contention that the Panel failed to properly interpret the absent class member agreements must fail.

---

[4] *See also*, *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009); *Apache Bohai Corporation LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir.2007).

### *3. Whether the Panel precluded BCBSLA from presenting evidence*

As to BCBSLA's argument that it was "given no opportunity after *Stolt-Nielsen* to present any evidence concerning the standards enunciated in that case," the record indicates the contrary. By letter dated August 18, 2010, the Panel invited the parties' input on the effect of *Stolt-Nielsen* on BCBSLA's pending class certification motion. *R. 68-1, Exh. I.* The Panel stated that they had "conducted a highly preliminary evaluation" of the arbitration agreements between each member of BCBSLA's proposed class and are now "confronted with the question as to how the Supreme Court's decision in *Stolt-Nielsen* ... should be applied to class certification issues in the circumstances of this proceeding and in view of the requirements of Rule 4... including, among others, the requirements of Rule 4(a)(6)." *Id.* At BCBSLA's request, the arbitrators agreed, in an Order dated August 27, 2010, to accept further briefing concerning the effect of *Stolt-Nielsen* on BCBSLA's class certification motion. The Order stated that "[b]y September 3, 2010,Claimants will advise Respondents of any specific contract it intends to refer to in connection with its additional argument regarding class certification." *R. 68, Exh. J, Proc. Order No. 12*. BCBSLA does not dispute Gambro's representation that it identified no contracts as of September 3, 2010 nor does BCBSLA identify any such contracts in its briefs "concerning *Stolt-Nielsen*" that it submitted to the Panel on September 10, 2010 and October 14, 2010 for consideration in the Class Determination Award. *R. 68-1, Exhs. K, L.*

FAA Section 10(a)(3) permits a court to vacate a final award "where the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy ...." 9 U.S.C. § 10(a)(3). "An 'arbitrator is not bound to hear all of the evidence tendered by the parties.... [He] must give each of the parties to the dispute an adequate

10

opportunity to present its evidence and arguments.' " It is appropriate to vacate an arbitral award if the exclusion of relevant evidence deprives a party of a fair hearing. "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award.  A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings." *Rent-A-Center, Inc. v. Barker,* 633 F.Supp.2d 245, 252 (W.D.La.,2009) (quoting *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 300-301 (5th Cir.2004)).

BCBSLA has failed to identify any evidence, pertinent, material or otherwise, which the Panel refused to hear in deciding the Class Determination Award.  Moreover, in light of the prevailing jurisprudence, BCBSLA has failed to demonstrate that it was prejudiced or deprived of a fair hearing.

*IV.  Conclusion*

Based on the well-established jurisprudence setting out the Court's standard of review in vacating an arbitration panel's decision, as well as the foregoing analysis, BCBSLA has failed to establish any violations under 9 U.S.C. §§ 10(a)(3) or (a)(4) and the Panel's Partial Class Determination Award is therefore confirmed.  BCBSLA's motion to vacate will therefore be denied.